IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DYLAN C. BOWERS            )
                           )
     v.                    )   NO. 3:17-1599
                           )
BLAIR LEIBACH              )

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 16, 2018 (Docket Entry No. 15), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Dylan Bowers ("Plaintiff") is an inmate confined at the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee. In this lawsuit, he sues Detention Facility Warden Blair Leibach ("Leibach") for damages under 42 U.S.C. § 1983. Plaintiff alleges that Leibach violated his constitutional rights by retaliating against him for pursuing prison grievances at the Detention Facility. Specifically, he alleges that Leibach threatened him and temporarily suspended his grievance privileges. *See* Docket Entry No. 14 at 9-10. Process was issued to Leibach, who has recently answered the complaint. *See* Docket Entry No. 20.[1]

---

[1] Although Plaintiff made other allegations in his complaint, all claims and defendants other than the single claim against Defendant Leibach were dismissed upon the Court's initial review under 28 U.S.C. § 1915(e)(2). *See* Docket Entry No. 15 at 3.

Presently pending is Plaintiff's motion for a preliminary injunction. *See* Docket Entry No. 17. Plaintiff complains about the living conditions in Unit Juliet, which is his housing unit at the Detention Facility. He alleges that the conditions are unnecessarily harsh, unfair, and violate his and other inmates' constitutional rights. *Id*. He seeks the unspecified intervention of the Court, presumably to stop the manner in which inmates in the Unit Juliet are being treated. Attached to his motion is: (1) a narrative of his allegations; (2) a list of 12 inmates who will be witnesses in support of a preliminary injunction; and, (3) a copy of an internal policy memorandum concerning chapel services for inmates in the housing unit. *Id*.

Defendant Leibach has filed a response opposing the motion. *See* Response in Opposition (Docket Entry No. 21). Leibach denies the allegation that any inmates in Unit Juliet are being treated in a manner that violates their constitutional rights and contends that: (1) Plaintiff has not supported his motion with an affidavit or any supporting evidence and (2) Plaintiff has not established the elements necessary to grant a preliminary injunction. Defendant Leibach supports his response with the affidavit of Darrell Jones, a Unit Manager at the Detention Facility. *See* Docket Entry No. 22.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

Plaintiff's motion for preliminary injunctive relief is appropriately denied. Initially, the Court notes that Plaintiff has not made a request for any type of specific relief. Further, his motion is unrelated to the narrow claim that is at issue in this action. A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claim in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). That link is lacking here.

Further, Plaintiff has not met his burden for the entry of a preliminary injunction. He has not shown a strong or substantial likelihood of success on the merits of his claim. He has also not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The balancing of harms required by the third factor does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by granting his request for a preliminary injunction. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (Docket Entry No. 17) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge