# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DYLAN C. BOWERS, | ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:17–cv-1599 |
| | ) Chief Judge Crenshaw |
| JACQUELIN POWER, *et al.*, | ) |
| Defendants. | ) ) |

## ORDER

The Magistrate Judge has issued a Report and Recommendation ("R&R") (Doc. No. 27) recommending that Plaintiff's Motion for a Preliminary Injunction (Doc. No. 17) be denied. No objections have been filed.

Having reviewed the record and having considered the matter *de novo*, the Court agrees with the recommended disposition. In so doing, the Court notes that after the R&R was filed two of Plaintiff's fellow inmates filed Declarations (Doc. No. 28, 29), presumably to support Plaintiff's position that their housing block at the jail is treated differently than others. Even if this is true, it does not support the contention that extraordinary relief in the form of a preliminary injunction is appropriate, address the absence of a request for specific relief in Plaintiff's Motion, or establish the factors required for the issuance of a preliminary injunction. As the Magistrate Judge properly observed:

> Plaintiff has not made a request for any type of specific relief. Further, his motion is unrelated to the narrow claim that is at issue in this action. A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claim in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief. See Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010). That link is lacking here.
>
> Further, Plaintiff has not met his burden for the entry of a preliminary injunction. He has not shown a strong or substantial likelihood of success on the merits of his claim.

> He has also not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The balancing of harms required by the third factor does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by granting his request for a preliminary injunction. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. See Kendrick v. Bland, 740 F.2d 432, 438, n. 3 (6th Cir. 1984).

(Doc. No. 27 at 3). Furthermore, the docket sheet reflects that Plaintiff has recently been released from jail suggesting that his request for injunctive relief is either moot or he lacks standing to pursue such relief.

Accordingly, the R&R (Doc. No. 27) is **ADOPTED** and **APPROVED**, and Plaintiff's Motion for a Preliminary Injunction (Doc. No. 17) is **DENIED**. This matter is returned to the Magistrate Judge for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE