IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DYLAN C. BOWERS | ) |
| | ) |
| v. | ) NO. 3:17-1599 |
| | ) |
| BLAIR LEIBACH | ) |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 16, 2018 (Docket Entry No. 15), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 34) filed by Defendant Blair Leibach, to which Plaintiff has not filed a response. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

On December 22, 2017, Dylan Bowers ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit, bringing claims for damages under 42 U.S.C. § 1983. *See* Complaint (Docket Entry No. 1). At the time he filed the lawsuit, Plaintiff was an inmate in the Metro-Davidson County Detention

Facility ("Detention Facility") in Nashville, Tennessee,[1] and he alleged that his constitutional rights were being violated at the Detention Facility.

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a colorable claim under 42 U.S.C. § 1983 against Detention Facility Warden Blair Leibach ("Defendant" or "Leibach") based on allegations that Leibach retaliated against Plaintiff in violation of his First Amendment rights because of his grievance filing activity at the Detention Facility. *See* Memorandum Opinion (Docket Entry No. 14) at 9-10. Specifically, Plaintiff alleges that Leibach threatened Plaintiff by telling him that, if he did not stop filing grievances or "informals on [Leibach's] staff," Leibach was going to "hide [the Plaintiff] away." *See* Complaint at 5. Plaintiff further alleges that Leibach temporarily suspended Plaintiff's grievance privileges because Plaintiff had purportedly filed excessive grievances. *See* Plaintiff's Letter (Docket Entry No. 12) at 2.[2]

After Defendant filed his answer, *see* Docket Entry No. 20, a scheduling order was entered that provided for a period of pretrial activity in the action. *See* Docket Entry No. 24. Plaintiff's motion for preliminary injunctive relief was denied by Order entered August 29, 2018. *See* Docket Entry No. 33.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure based on two arguments. First, Defendant argues that Plaintiff did not file a grievance about

---

[1] The docket reflects that Plaintiff called the Clerk's Office on June 29, 2018, and provided the Clerk's Office with a non-institutional, residential mailing address

[2] All other claims raised in Plaintiff's complaint were dismissed by the Court upon initial review. *See* Docket Entry No. 15 at 3.

Defendant's purported actions and thus, did not exhaust his available administrative remedies at the Detention Facility prior to filing his lawsuit as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 35) at 5-6. Second, Defendant argues that there is no evidence showing that he retaliated against Plaintiff or took any actions that violated Plaintiff's constitutional rights. *Id*. at 6-10. Defendant denies making any threats against Plaintiff because of Plaintiff's grievance filing activity. Defendant further asserts that, in accordance with internal Detention Facility policies, he temporarily suspended Plaintiff's grievance filing privileges for a period of a few weeks because Plaintiff had filed eleven grievances or informal resolutions in a ten day period and the grievance staff needed time to process and address his pending grievances without any new grievances being filed by Plaintiff. *Id*. In support of his motion, Defendant relies upon: (1) a statement of undisputed material facts (Docket Entry No. 36); (2) his own declaration (Docket Entry No. 38); and, (3) the declaration of Bobby Aylward, a staff member at the Detention Facility who is involved with the grievance process (Docket Entry No. 37).

Although Plaintiff was notified of the motion, informed of the need to respond, and given a response deadline of November 16, 2018, *see* Order entered October 4, 2018 (Docket Entry No. 39), he has not filed a response of any kind to the motion for summary judgment.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact"

is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. CONCLUSIONS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305,

306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B. First Amendment Standards

The First Amendment protects a prisoner's ability to pursue grievances against prison officials. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). As such, a prisoner cannot be retaliated against because he has filed a non-frivolous grievance. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Because of the unique context of the prison setting, however, some events that are objectionable to the complaining prisoner simply do not rise to a level of harm necessary to implicate constitutional concern. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 and 398 (6th Cir. 1999). While an act alleged to be retaliatory need not be egregious, prisoner inmates "may be required to tolerate more than a average citizen." *Id*. at 398. In order to determine whether an allegation of retaliation rises to the level of a First Amendment claim, a prisoner must show that: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements -- that is, the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. The plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003).

5

C. Plaintiff's Claim and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued to Defendant on the First Amendment retaliation claim, Plaintiff has not responded to the arguments for summary judgment made by Defendant in his dispositive motion, has not responded to Defendant's statement of undisputed facts as required by Local Rule 56.01(f),[3] and has not set forth any evidence supporting his claim.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir.

---

[3] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendant's statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

With respect to Defendant's failure to exhaust argument, Defendant has set forth evidence that Policy 14-05 provides for a three step grievance procedure at the Detention Facility that allows inmates to file an informal resolution, a formal grievance, and a grievance appeal for issues relating to their conditions of confinement. *See* Declaration of Aylward at ¶ 3. Defendant contends that, although Plaintiff made use of the grievance procedure on multiple occasions, he did not initiate a grievance about Defendant's alleged retaliatory acts. *Id*. at ¶¶ 6 and 8. Thus, Defendant argues that Plaintiff failed to fully exhaust his available administrative remedies. In the face of the motion for summary judgment, Plaintiff must rebut Defendant's exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence showing his compliance with the PLRA's exhaustion requirement. Indeed, he has not even responded to the motion for summary judgment. Accordingly, Plaintiff's lawsuit should be dismissed because of his failure to show his compliance with the mandatory exhaustion requirement of the PLRA.

The Court also finds that summary judgment is warranted in favor of Defendant on the merits of Plaintiff's claim. Plaintiff is not entitled to a trial merely on the basis of allegations, *Goins*, *supra*, and he must buttress the allegations of his complaint with evidence supporting his claim. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so with respect to his retaliation claim. Defendant has set forth specific, affirmative evidence that (1) Plaintiff was not threatened by Defendant because of his grievance filing and (2) a legitimate, penological reason existed for the temporary suspension of Plaintiff's grievance filing privileges. *See* Declaration of

Leibach at ¶¶ 5-7. This evidence, which is unrebutted by Plaintiff and is deemed to be undisputed by virtue of Plaintiff's failure to respond to Defendant's Statement of Undisputed Material Facts, is sufficient to show that Plaintiff was not subjected to a constitutionally actionable adverse action under the *Thaddeus-X* standard. Based on the evidence before the Court, no reasonable jury could find that Defendant Leibach acted in a manner that was inconsistent with Plaintiff's First Amendment rights.

## RECOMMENDATION

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment of Defendant Blair Leibach (Docket Entry No. 34) be GRANTED and that this lawsuit be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge